DECISION AND JUDGMENT
{¶ 1} Appellant appeals a judgment of the Erie County Court of Common Pleas, revoking his community control. For the following reasons, we affirm the trial court.
 {¶ 2} In 2005, appellant, Eric Reed, was convicted of two counts of domestic violence, both fourth degree felonies. The trial court imposed a five year period of *Page 2 
community control for each offense. These sentences were to run concurrently beginning on March 2, 2006. The court advised appellant that if he violated the terms of his community control sanctions, the court could impose concurrent 15 month prison sentences.
 {¶ 3} While on probation for the domestic violence convictions, appellant was arrested for cocaine possession. Appellant pled guilty to the charge and was sentenced to 15 months in prison. The prison sentence was to be served consecutively with the sentences from the prior domestic violence convictions. Pursuant to R.C. 2929.20, the court released appellant after serving 60 days.
 {¶ 4} Upon his release, appellant went to Kentucky where he became involved in a fraudulent check cashing scheme he found on the internet. Appellant was convicted for this crime in Kentucky.
 {¶ 5} On January 31, 2008, the trial court conducted a hearing to determine whether appellant violated the terms of his community control with his new conviction. When questioned by the trial court, appellant's counsel indicated that appellant was convicted for the check cashing crime and that appellant wished to waive his hearing on the community control violation.
 {¶ 6} At the hearing, the state recommended that appellant be released on community control for the remainder of his sentence. The trial court disregarded the state's recommendation and terminated appellant's community control, sentencing him to serve the remainder of his prison sentence. It is this judgment that appellant appeals. *Page 3 
 {¶ 7} Appellant sets forth the following single assignment of error:
 {¶ 8} "The trial court erred in failing to engage in a dialogue with the defendant to determine whether his admission to the community control violation was knowing, voluntary and in accordance with due process."
 {¶ 9} Appellant asserts that the trial court violated his due process rights because he was not specifically addressed as to his knowledge of his new conviction or his intention to waive the community control violation hearing as mandated by Crim. R. 11.
 {¶ 10} This court has previously addressed this issue in State v.Malone, 6th Dist. No. L-03-1299, 2004-Ohio-5246. As in this case, Malone's lawyer argued that Crim. R. 11 should apply in community control revocation proceedings rather than Crim. R. 32.3. This reasoning fails for the same reason it did in Malone.
 {¶ 11} "The requirements of Crim. R. 11 apply only to guilty and no contest pleas. Concordantly, a defendant at a community control revocation hearing need not be afforded the full panoply of rights given a defendant in a criminal proceeding." (Citation omitted.) State v.Martin, 6th Dist. No. S-02-012, 2002-Ohio-5202, ¶ 7; State v.Artiaga, 6th Dist. No. L-02-1021, 2003-Ohio-2357, ¶ 13, citing State v.Martin, supra.
 {¶ 12} The applicable provision governing the revocation of community control is Crim. R. 32.3, which states, in relevant part, that:
 {¶ 13} "(A) * * * The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at *Page 4 
which the defendant shall be present and apprised of the grounds on which action is proposed. * * *
 {¶ 14} "(B) * * * The defendant shall have the right to be represented by retained counsel and shall be so advised. * * *."
 {¶ 15} In this case, the requirements of Crim. R. 32.3 have been met. The record shows that appellant was given the opportunity for a hearing. When appellant's counsel indicated that appellant wanted to waive the hearing and enter an admission, the trial court addressed appellant and advised him as to the nature of the violation. Appellant and his counsel jointly admitted to the violation of the terms of appellant's community control, specifically that he had been found guilty of a new crime in connection with the fraudulent check cashing scheme in Kentucky. Thereafter, the trial court found appellant in violation of the terms of his community control, terminated it, and sentenced him to prison. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 16} Of consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1